# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: Bearings | Case No. 2:14-cv-00507-MOB-MKM<br>Case No. 2:14-cv-13356-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br><br>Truck and Equipment Dealer Cases | |

**AMENDED ORDER GRANTING TRUCK AND EQUIPMENT DEALER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH SKF USA INC., PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES, AND AUTHORIZATION OF <u>DISSEMINATION OF CLASS NOTICE</u>**

**(EXHIBITS ATTACHED)**

Upon consideration of Truck and Equipment Dealer Plaintiffs' ("TED Plaintiffs") Motion for Preliminary Approval of Proposed Settlement with Defendant SKF USA Inc. ("Settling Defendant"), Provisional Certification of a Settlement Class, and Authorization of Dissemination of Class Notice (the "Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **Granted**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the SKF USA Settlement Agreement between Settling Defendant and TED Plaintiffs.

**Preliminary Approval of the Settlement Agreement**

3.  This Court has jurisdiction over these actions and each of the parties to the SKF USA settlement agreement.

4.  The terms of the SKF USA Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to final approval at a Fairness Hearing.  The Court finds that the SKF USA Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the SKF USA Settlement Agreement should be given, pursuant to the plan submitted by Settlement Class Counsel and approved by the Court as provided in this Order.  The Court further finds there is a sufficient basis for notifying the class of the proposed settlement, pursuant to paragraphs 9-10 and 17-44 below, and for enjoining Settlement Class Members from proceeding in any other action pending the conclusion of the Fairness Hearing.

**Class Certification**

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed SKF USA Settlement Agreement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "SKF USA Settlement Class"):

> all Truck and/or Equipment dealers that, during the period January 1, 2000, through the Execution Date, indirectly purchased Bearings manufactured by one of the Defendants or any current or former subsidiary or affiliate thereof, or any alleged co-conspirator; or purchased new Trucks and/or Equipment containing Bearings manufactured by one of the Defendants or any current or former subsidiary, affiliate or alleged co-conspirator.

6.  The Court finds that provisional certification of the SKF USA Settlement Class is warranted in light of the SKF USA Settlement Agreement because: (a) the SKF USA

Settlement Class is so numerous that joinder is impracticable; (b) TED Plaintiffs' claims present common issues of law and fact and are typical of the SKF USA Settlement Class; (c) TED Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the SKF USA Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the SKF USA Settlement Class.  The Court further finds that TED Plaintiffs' interests are aligned with the interests of all other members of the SKF USA Settlement Class.  The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

**Appointment of Settlement Class Counsel**

7. The Court hereby appoints Duane Morris, LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. Each TED Plaintiff Class representative named in the Complaint that has not been dismissed by stipulation will serve as TED Plaintiff Class representative on behalf of the SKF USA Settlement Class.

**Notice to Potential Class Members**

9. Prior to the Fairness Hearing, Settlement Class Counsel shall utilize the best available means of providing notice of the SKF USA Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.  Such means of providing notice are described more fully below in Paragraphs 25-48.

10. Notice to members of the Settlement Class, except statutory notice required to be given by Settling Defendant pursuant to 28 U.S.C. § 1715, shall be the responsibility of Settlement Class Counsel.

### Other Provisions

11. As of the date of the entry of this Order, TED Plaintiffs and all members of the SKF USA Settlement Class shall be preliminarily enjoined from commencing, prosecuting, or continuing any action against Settling Defendant based upon or related to the Released Claims pending Final Approval of the settlement or until such time as this Court lifts such injunction by subsequent order.

12. In the event that the SKF USA Settlement Agreement is terminated in accordance with its provisions, that settlement agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the settlement agreement, and without prejudice to the *status quo ante* rights of TED Plaintiffs, Settling Defendant, or the members of the SKF USA Settlement Class.

13. The Court's provisional certification of the SKF USA Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

14. The Court approves the establishment of the escrow accounts under the settlement agreements as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 and the Treasury Regulations promulgated thereunder, and retains continuing

jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the SKF USA Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15. If the SKF USA Settlement Agreement is terminated or is ultimately not approved, any of the parties to that Settlement Agreement may seek to modify any Court-ordered schedule to ensure that the TED Plaintiffs, and Settling Defendant will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial. The TED Plaintiffs, and Settling Defendants have agreed, and the Court so orders, that the SKF USA Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims, allegations, or defenses contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding. Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by Settling Defendant shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce these settlement agreements, or to defend against the assertion of the Released Claims, or as otherwise required by law.

16. The litigation against Settling Defendant is stayed except to the extent necessary to effectuate the Settlement Agreement.

**Notice to Potential Class Members**

17. The Court approves the notice plan and the form and content of the settlement notices proposed in the motion presently before the Court.

18. For purposes of this Order, the term "Settlement Class" shall mean the class of persons and entity the Court provisionally certified for settlement purposes in this preliminary approval order.

19. The TED Plaintiffs have presented a plan to provide notice to the potential members of the Settlement Class of the settlement terms and the various options the potential members have, including, among other things, to opt out of the Settlement, be represented by counsel of their choosing, to object to the Settlement, and to participate as a claimant in the Settlement.

20. The notice plan proposed by the TED Plaintiffs is the best practicable under the circumstances and complies with Federal Rule of Civil Procedure 23. In addition, the Court finds that the proposed notice to class members provides sufficient detail about the Settlement, so that it is appropriate to carry out the notice plan to allow the members of the Settlement Class to consider and react to the Settlement.

21. The TED Plaintiffs have engaged RG/2 Claims Administration LLC ("RG/2"), an experienced class action claims administrator, to design a notice plan and to assist in drafting of the notices. The Court has reviewed RG/2's qualifications and accepts its appointment as the TED Plaintiffs' notice consultant for the Settlement.

22. RG/2 has proposed a notice plan that will provide notice to the potential members of the Settlement Class consistent with Rule 23 and federal due process requirements.

23. The notice plan detailed herein provides the best notice practicable under the circumstances and complies with due process requirements because it provides sufficient notice of: (a) the Settlement and its terms; (b) the right to opt out or object; and (c) the final approval hearing to truck and equipment dealerships who indirectly purchased for resale certain component parts and/or vehicles containing these parts and purchased such vehicles or parts in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and/or Wisconsin (the "Included States") and who are therefore entitled to receive such notice as potential members of the Rule 23(b)(3) Settlement Class.

24. The purpose of notice in a class action is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)).

25. Where names and addresses of known or potential class members are reasonably available, direct notice should be provided. *See, e.g., Eisen*, 417 U.S. at 175-76; *Manual for Complex Litigation* § 21.311, at 292 (4th ed. 2004). The notice plan here includes direct postal and email notice to known potential members of the Settlement Class in the Included States who have the right to be excluded from the Settlement Classes and who may be entitled to share in the settlement proceeds. *Roberts v. Shermeta, Adams & VonAllmen, P.C.*, No.1:13-cv-1241, 2015 WL 1401352 (W.D. Mich. March 26, 2015).

26. The "best notice practicable" does not mean actual notice, nor does it require individual mailed notice where there are no readily available records of class members' individual addresses or where it is otherwise impracticable. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992); *Manual for Complex Litigation* § 21.311, at 288 (4th ed. 2004).

27. Where all class members cannot be identified for purposes of sending individual notice, notice by publication may also be sufficient. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004); *Kaufman v. Am. Express Travel Related Servs. Co. Inc.*, 264 F.R.D. 438, 445-46 (N.D. Ill. 2009); *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 107 (S.D.N.Y. 2007).

28. TED Plaintiffs propose a notice plan that will include direct postal mail and email notice to known Truck and Equipment dealerships in the Included States; published notice in The Wall Street Journal, Automotive News, National Trailer Dealers Association E-newsletter, the American Truck Dealers Insider E-newsletter, and World Truck Magazine; and earned media efforts through a national press release and a settlement web site. Direct notice will be sent via email and First Class Mail to approximately 33,000 Truck and Equipment dealerships in the Included States.

29. RG/2 Claims believes the plan summarized above more than satisfies due process standards given the parameters of the settlements, information learned from RG/2's research, and the fact that this is an antitrust matter with not every defendant settling at the current time. The proposed notice plan provides the best practicable method to reach the potential class members and is consistent with other class action notice plans that have been approved by various federal courts for similarly situated matters.

30. The notice plan's multi-faceted approach to providing notice to potential members of the Settlement Class whose identity is not known to the settling parties constitutes "the best notice that is practicable under the circumstances" consistent with Rule 23(c)(2)(B). *See, e.g., In re Holocaust Victims Assets Litig.*, 105 F. Supp. 2d 139, 144 (E.D. N.Y. 2000) (approving plan involving direct-mail, published notice, press releases and earned media, Internet and other means of notice). The Court concludes that the proposed notice plan should be implemented and carried out.

31. The Court also approves the content of the proposed notices. The content of the notice for a Rule 23(b)(3) settlement class "must clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

32. The Court has reviewed the proposed notices and concludes that they provided the information required by Rule 23 and are drafted in a manner to clearly and concisely state the details of the Settlement in plain, easily understood language.

33. Within thirty (30) days after the date of the entry of this Order ("the Notice Date"), Interim Class Counsel for the TED Plaintiffs (through its notice consultants) shall cause copies of a Mailing Notice substantially in the form attached hereto as Exhibit 1 to begin to be mailed by First Class Mail, postage prepaid, to each potential Settlement Class member in the Included States whose postal mailing address is reasonably known.

34. Within 30 days after the date of the entry of this Order, Interim Class Counsel for the TED Plaintiffs shall cause copies of a Mailing Notice substantially in the form attached hereto as Exhibit 1 to be transmitted by electronic mail to the available email addresses associated with dealers in the Included States.

35. As soon as practicable after the Notice Date, Interim Class Counsel for the TED Plaintiffs shall cause to be published a Publication Notice, substantially in the form attached hereto as Exhibit 2. As noted above in paragraph 43, the Publication Notice will be published in: *The Wall Street Journal*; *Automotive News*, National Trailer Dealers Association E-newsletter, the American Truck Dealers Insider E-newsletter, and *World Truck Magazine*. If timely publication in one or more of the listed publications becomes impracticable after the issuance of this Order, appropriate changes to the publications or schedule may be made in consultation with RG/2.

36. On or before the Notice Date, Interim Class Counsel for the TED Plaintiffs shall establish the following website (the "Settlement Website"): www.TruckDealerSettlement.com. On or before the Notice Date, the Settlement Website shall identify the substance of each of the Settlements and the definitions of the Settlement Class, and shall make available the SKF USA Settlement Agreement and the notices provided to potential class members.

37. In advance of the deadline for Settlement Class Members to opt out or object to the Settlements, Interim Class Counsel for the TED Plaintiffs will post to the Settlement Website available information about the Plans of Allocation for which the TED Plaintiffs will seek Court approval.

38. The expenses related to the printing, mailing, and publishing of all notices required by this Order shall be paid from the Settlement. The reasonable costs of RG/2 assistance shall also be paid from the Settlement. Interim Class Counsel for the TED Plaintiffs are authorized to make these disbursements from the Settlement.

39. Prior to the final approval hearing, Interim Class Counsel for the TED Plaintiffs shall serve and file a declaration attesting to compliance with the provisions of this Order.

## Opt-Out Procedure

40. Notice to Rule 23(b)(3) Settlement Class Members must clearly and concisely state the nature of the lawsuits and their claims and defenses, the classes certified, the settlement class member's right to appear through an attorney or opt out of any one or more of the settlement class, the time and manner for opting out, and the binding effect of a class judgment on members of the settlement class. Fed. R. Civ. P. 23(c)(2)(B).

41. Compliance with Rule 23's notice requirements also satisfies due process requirements. "The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment." *In re Prudential Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3rd Cir. 1998).

42. The proposed notices and explanation of the process to opt out of the Rule 23(b)(3) Settlement Class meet due-process requirements. The proposed notices explain the actions, who is included in the Settlement, and the right to opt out, object, or appear through an attorney. The notices also describe the time and manner for opting out and declining to participate in or be bound by the Settlement for the members of the Rule 23(b)(3) Settlement Class.

43. Prospective members of the Settlement Class can readily determine whether they are likely to be class members, since membership is based on being a truck and equipment dealership that indirectly purchased for resale the relevant component parts and/or vehicles containing these component parts during the respective class periods. The Settlement Class definitions, the Settling Defendant and their alleged co-conspirators, and the vehicle part at issue in the Settlement, are set forth in the Postal Notice and will be available on the Settlement Website. Whether a dealership is included in the Settlement Class is ascertainable.

44. The notice plan advises members of the Settlement Class who indirectly purchased for resale certain component parts and/or vehicles containing those parts, and made such purchases in the Included States, of their option to opt out of the Settlement and pursue claims individually, if they wish. Such Settlement Class Members, who are potentially entitled to share in the proceeds of the Settlement, may seek to be excluded from the Settlement by sending a letter requesting that their dealership be excluded. The exclusion/opt out request must clearly state: (1) the Settlement Class Member's name, address, and telephone number; (2) all trade names or business names and addresses that the Settlement Class Member has used as a dealership; (3) a signed statement identifying the Settlement Class[es] from which the Settlement Class Member requests to be excluded; and (4) the dealer number for each manufacturer for which the dealer was authorized to sell vehicles. The completed letter requesting exclusion shall bear the signature(s) of a person or entity having the legal power or authority to bind the truck and equipment dealership in its decision to opt out. An opt-out or request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.

45. A Settlement Class Member who is eligible to opt-out of the Settlement, and who wishes to opt-out, must send a letter requesting exclusion, postmarked by June 21, 2017, to the following address:

> RG/2 Claims Administration, LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

46. Except for those members of the Settlement Class who indirectly purchased for resale the relevant component parts and/or vehicles containing these component parts in the Included States and who filed a timely and proper opt-out, all other dealerships will be deemed Settlement Class members under the Settlement.

47. All members of the Settlement Class shall be bound by the Settlement and by all subsequent proceedings, orders, and judgments in this MDL litigation for the cases in which the member remained in the Settlement Class.  Any Settlement Class member who properly opts-out of the Settlement shall not be entitled to relief under, or be affected by, the Settlement from which they opted-out.

48. Potential Settlement Class members who elect to opt-out may later withdraw their opt-out, but only if they accept the terms of the Settlement.

49. Interim Class Counsel for the TED Plaintiffs may contact truck and equipment dealerships who file an opt-out and may challenge the timeliness and validity of any opt-out request, as well as the right to effect the withdrawal of any opt-out filed in error and any exclusion which that Settlement Class member wishes to withdraw for purposes of participating in the Settlement.  The Court shall determine whether any contested opt-out is valid.

50. The notice plan advises Rule 23(b)(3) Settlement Class members in the Included States of the option to exclude themselves from the Settlements and pursue their claims individually and provides sufficient time to exercise this right. Notice periods for opting out are

"almost wholly an exercise in the Court's discretion." *In re Potash Antit. Litig.*, 161 F.R.D. 411, 413, n.4 (D. Minn. 1995). The approximately sixty (60) day opt-out period provided relative to the Settlements is reasonable. *Fidel*, 534 F.3d at 513-15 (6th Cir. 2008) (affirming 46-day opt-out period and recognizing that publication notice and notice provided to brokerage houses on behalf of stockholders satisfies due process).

51. Federal courts will approve opt-out periods in which the deadline to opt out is approximately 30 days. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993) (affirming 31-day opt-out period pursuant to dual notice plan, even though one-third of the class members received untimely notice); *DeJulius v. New England Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (affirming 32-day opt-out period and noting that "[f]or due process purposes, rather than looking at actual notice rates, our precedent focuses upon whether the district court gave 'the best notice practicable under the circumstance'"); *In re OCA, Inc. Sec. & Deriv. Litig.*, Civ. A. No. 06-2165, 2008 WL 4681369, at *16 (E.D. La. Oct. 17, 2008) (approving 39-day opt-out period).

**Objections to Settlement**

52. A member of a Settlement Class may object to one or more of the Settlements in which they are a member. To exercise this right, a Settlement Class member must provide a letter with a written notice of objection. The letter must specifically state to which Settlement the member objects and provide all trade names or business names that the Settlement Class member has used for the dealership that is making the objection. The letter must also state the objecting Settlement Class member's name, address, telephone numbers, the dealer number for each manufacturer for which the dealer was authorized to sell new vehicles, and the Settlement Class member's reasons for objecting to the settlement. The objection must bear the

signature(s) of a person or entity having the legal power or authority to bind the truck and equipment dealership in making the objection.

53. To be considered, each objection letter must state the exact nature of the objection, the facts underlying the objection, and whether or not the objector or its counsel intends to appear at the final approval hearing. The objector must also provide a copy of any documents which the objector wants to use, reference, or rely upon at the final approval hearing. If the objector is represented by counsel, the objection shall also be signed by the attorney who represents the objector.

54. Any attorney representing a Settlement Class member in relation to objecting to the Settlement shall file with the Clerk of Court and serve Interim Class Counsel for the TED Plaintiffs, a notice of appearance, not later than May 17, 2017.

55. All objection letters must be postmarked by June 21, 2017 and must be mailed to each of these addresses:

> Clerk's Office
> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd., Room 564
> Detroit, MI 48226
>
> RG/2 Claims Administration, LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

56. A dealer who objects to any Settlement shall respond to requests for information from the settling parties. The TED Plaintiffs and the Settling Defendant may issue written discovery requests and may conduct the deposition of the objecting party to determine, among other things, whether the objecting party is a member of the Settlement Class and to ascertain the nature of the objection.

57. No truck and equipment dealer shall be entitled to contest the approval of the terms and conditions of the Settlement or the final orders and judgments requested thereon except by filing and serving written objections in accordance with the provisions of this Order.

58. Any member of the Settlement Class who does not submit a timely, written objection in compliance with all of the procedures set forth in this Order shall be deemed to and shall have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this Settlement, which will be preclusive in all pending or future lawsuits or other proceedings.

### The Final Approval Hearing

59. A **FINAL APPROVAL HEARING WILL BE HELD ON JULY 12, 2017 AT 1:00 P.M.** before the undersigned in Courtroom 272, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan, to consider the fairness, reasonableness, and adequacy of the Settlement, and the request for interim attorneys' fees, litigation expenses, and class representative service awards.

60. All papers in support of the request for attorneys' fees, past litigation expenses, the establishment of a future expense fund, and class representative service awards, shall be filed by June 12, 2017.

61. All papers in support of final approval of the Settlements shall be filed at least seven (7) days before the final approval hearing.

62. The date of the final approval hearing shall be set forth in the Mailing Notice, Publication Notice and Settlement Website.

63. Counsel for any of the Settling Defendants and Interim Class Counsel for the TED Plaintiffs shall promptly furnish each other with copies of any objections to the Settlements that come into their possession.

64. The Court retains jurisdiction for purposes of implementing the Settlements, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlements as may from time to time be appropriate, and to resolve any and all disputes arising thereunder or in connection therewith.

IT IS SO ORDERED

Date:   June 1, 2017                                         s/Marianne O. Battani
                                                             MARIANNE O. BATTANI
                                                             United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 1, 2017.

                                                             s/ Kay Doaks
                                                             Case Manager